JONES v. CHAMBERS.

1. PLEADING—CROSS-DECLARATION—STATUTES.

The right to file a cross-declaration in a tort action did not exist at common law but was created by statute and it is optional with the cross-declarant whether or not he files the cross-declaration (CL 1948, § 615.11).

2. JUDGMENT—ESTOPPEL.

Final judgment in action commenced by present defendant and his insurer against all plaintiffs herein except their insurer and driver of their vehicle and in which action the basic issues of fact upon which present action rests were pleaded, litigated and finally decided, estopped the plaintiffs herein from reraising such issues which are necessary to allege and prove in order to recover.

3. SAME—PRIOR ADJUDICATION OF ESSENTIAL ISSUES.

A second action must fail, where essential issues of fact or law have been finally decided by a court of competent jurisdiction in a previous case.

4. SAME—ESTOPPEL—PUBLIC POLICY.

The doctrine of collateral estoppel by judgment was established as a procedure for carrying out the public policy of avoiding repetitious litigation.

5. INSURANCE—DERIVATIVE RIGHT.

An insurer who has been assigned rights against a third-party tort-feasor obtains but a derivative right and is subject to defenses available against the assignor-insured.

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur, Pleading § 256.
[2–4, 6] 30A Am Jur, Judgments §§ 371, 376.
[5] 4 Am Jur, Assignments § 27.

6. JUDGMENT — ESTOPPEL — AUTOMOBILES — NEGLIGENCE — CON-
   TRIBUTORY NEGLIGENCE.

> Judgment in action, commenced by car owner and his insurer
> against plaintiffs herein and their truck driver after plaintiffs
> and their insurer had commenced an action against the car
> owner for damages when car and truck collided but which other
> action was concluded before trial of present action, estopped
> plaintiffs herein from raising issues of negligence and freedom
> of their driver from contributory negligence, since such issues,
> basic to recovery herein, were determined in the other action.

Appeal from Shiawassee; Carland (Michael), J.
Submitted April 8, 1958. (Docket No. 12, Calendar
No. 46,908.)  Decided September 10, 1958.

Case by Leslie Jones, Jr., Philip Wolf, Lewis C.
Johnson and Glen Johnson, doing business as John-
son Oil Company, and American Fidelity Fire Insur-
ance Company, subrogee, against Eldon Lee Cham-
bers for damages resulting from collision of motor
vehicles.  Case dismissed on motion because of an
action in another circuit based on same circum-
stances, involving some of same parties, and result-
ing in judgment.  Plaintiff appeals.  Affirmed.

*James S. Miner,* for plaintiffs.

*Van Winkle & Van Winkle (Arthur Heikkinen,* of
counsel), for defendant.

EDWARDS, J.  From pleadings in this record we
learn this controversy started at 5:30 a.m. on De-
cember 20, 1951, when an oil truck and trailers
owned by the plaintiffs (other than the insurance
company) and a car owned and driven by defendant
came into collision.

The facts relevant to our instant appeal are
agreed upon by the parties as follows:

"December 9, 1953, Jones and Wolf, Johnson Oil Company and American Fidelity Fire Insurance Company, subrogee by a prior assignment, started suit in Shiawassee county against Chambers for $6,925.41 damage to a tractor and trailer owned by Jones, Wolf and Johnson Oil Company plus $1,750 lost net earnings to Jones and Wolf, alleging the same to have been caused by Chambers' breach of statutory duty to pass to the right and other specified negligence, alleging a want of their own negligence contributing to their own damages.

"December 24, 1953, Chambers and the Citizens' Mutual Automobile Insurance Company, his previously subrogated assignee, started suit in Isabella county against Jones, Wolf, Johnson Oil Company and Leon F. Hapner, as driver, for 'damage to person and property to the extent of $10,000,' alleging a cause of action through Hapner's breach of statutory duty to have his vehicle under control and other specified negligence, and asserting a want of Chambers' negligence contributing to Chambers' own damages.

"June 14, 1954, the Isabella cause of action was tried and judgment was subsequently entered for plaintiff therein on the jury's verdict.

"On December 28, 1955, the Shiawassee county trial court dismissed the Shiawassee cause of action on the grounds that it had been heard and decided as to all parties therein during the Isabella county trial, for reasons stated in the court's opinion."

Thus we are asked to determine whether or not the defendants (plus their insurance company) in the later-filed but first-tried Isabella county suit can now maintain an action for damages arising out of the same accident in Shiawassee county circuit court even though judgment was rendered against them and has become final in the prior trial in which they did not cross-declare.

The right to file a cross-declaration in a tort action did not exist at common law; it was created by

statute. Annotation, 10 ALR2d 1167. The Michigan statute which we are here called upon to construe plainly makes the right to cross-declare optional with the cross-declarant:

"In any action hereafter brought in any court of the State to recover damages for any injury to person or property, wherein recovery is sought because of the alleged negligence of the defendant, or of his agent, servant, representative, or employee, or for the alleged breach of a statutory duty owing thereby, such defendant may at the time of filing and serving his plea, also file and serve a cross-declaration against the plaintiff setting forth the facts in any cause of action for damages or injury to his person or property because of the alleged negligence of the plaintiff or his agent, servant, representative or employee he may have against said plaintiff arising out of the occurrence, forming the basis of plaintiff's case. Thereupon such plaintiff shall proceed as though an independent action had been started against him by defendant and shall plead to such cross-declaration or take such other step with reference thereto as may be authorized by statute or by rule of court: *Provided,* That with the permission of the court such cross-declaration may be filed and served subsequently to the filing and service of defendant's plea." CL 1948, § 615.11 (Stat Ann § 27.836).

The statute has been thus interpreted in *Republic Automobile Ins. Co.* v. *Maedel,* 253 Mich 663.

See, also, *Seager* v. *Foster,* 185 Iowa 32 (169 NW 681, 8 ALR 690).

"The general rule is that a defendant, having a claim available by way of set-off, counterclaim, or cross petition, has an election so to plead it, or to reserve it for a future independent action, and a prior action in which a claim might have been asserted as a set-off, counterclaim, or cross petition is

no bar to a subsequent independent action thereon."
Annotation, 8 ALR 695.

*Republic Automobile Ins. Co., supra,* is, however,
not directly in point in the current situation since
the suit there relied upon to bar a negligence action
was still pending. In the opinion, however, Justice
CLARK said (p 665):

"The defense of former suit pending is availing
when—'if the first suit had been decided, it could be
pleaded in bar as a former adjudication.' 7 RCL,
p 1069. A verdict of no cause of action, and judg-
ment thereon, in the former suit would not be a bar
to the second suit."

Indeed, even a verdict and judgment against the
defendant who later brings action pertaining to the
same event may not always be a bar. In *Mimnaugh*
v. *Partlin,* 67 Mich 391, where a farm laborer sought
and received judgment for his pay for cutting and
stacking wheat, the farmer subsequently was allowed
his action for damages due to improper care of the
wheat during cutting and stacking. He had failed to
file recoupment in the first suit, and the Court held
he did not have to. The Court held the prior judg-
ment not *res judicata,* since the second suit was based
on a claim of negligence which was not decided in
the prior case.

Thus neither the statute, nor the fact of suit pend-
ing, nor even the fact of a prior final judgment in a
case arising out of the same occurrence, answers our
question fully.

Let us examine whether *the cause of action* in
Shiawassee county is actually *res judicata* because
of the Isabella judgment.

The parties to the 2 suits are not the same. Gen-
erally, they are reversed, with the defendants in the
former suit now suing and the former plaintiffs being
sued. Both a plaintiff and a defendant in the former

suit are unnamed in the second suit, and a new party, the American Fidelity Fire Insurance Company, has appeared as a plaintiff. Thus it is clear that the Shiawassee county suit represented a different cause of action from that tried and decided in Isabella county. A comparison of the 2 declarations and the sets of answers thereto indicates clearly that the claim of damages made by our instant plaintiffs was not pleaded or litigated in the Isabella county trial.

Our ultimate decision, however, must be made in relation to appellee's contention that the basic issues of fact upon which appellants' Shiawassee county case rests were pleaded, litigated and finally decided in the Isabella county case.

A careful comparison of the 2 sets of declarations and answers shows this to be the case. The essential allegations of negligence on the part of the truck driver, a defendant in the Isabella case, are the same as the appellee-defendant's claims of contributory negligence in the instant suit. And the allegations of contributory negligence in relation to the driver of the passenger car, plaintiff in the Isabella case, are the same as appellant-plaintiffs' allegations of negligence in the instant suit.

As the circuit judge pointed out:

"In the Isabella county action it has been finally determined by verdict and judgment that the plaintiffs, Leslie Jones, Jr., Philip Wolf, Lewis C. Johnson and Glen Johnson, doing business as Johnson Oil Company, were guilty of negligence; that defendant was free from contributory negligence, and that such plaintiffs' negligence was the proximate cause of defendant's damages. How then can plaintiffs, Leslie Jones, Jr., Philip Wolf, Lewis C. Johnson and Glen Johnson, doing business as Johnson Oil Company, retry in a new and separate action, issues which have once been tried and decided adversely to them, and as a result of an unappealed judgment,

have become final? To permit this might result in different judgments on the same issues, and between the same parties in different jurisdictions throughout the State. Such a possible result should not be countenanced. By virtue of the judgment in Isabella county, the plaintiffs, Leslie Jones, Jr., Philip Wolf, Lewis C. Johnson and Glen Johnson, doing business as Johnson Oil Company, are now estopped to assert either that defendant was negligent or that they were free from contributory negligence, both of which they must allege and prove in order to recover."

Where issues of fact or law have been finally decided by a court of competent jurisdiction in one legal action which are essential to the maintenance of another legal action, it is universally held that the second action must fail.

Michigan's leading case on the doctrine of *res judicata* is Justice COOLEY's opinion in *Jacobson* v. *Miller,* 41 Mich 90. The second headnote gives us this pertinent summary:

"An adjudication is conclusive in respect to (1) the subject matter of the litigation, and (2) the point of fact or law or both necessarily settled in determining the issue on the subject matter."

See, also, *Viaene* v. *Mikel,* 349 Mich 533.

The courts have, however, divided to some degree as to whether the principle involved is an application of the doctrine of *res judicata,* or a somewhat separate doctrine of collateral estoppel.

The United States supreme court has answered this problem in legal linguistics thus:

"We have often held that under the doctrine of *res judicata* a judgment entered in an action conclusively settles that action as to all matters that were or might have been litigated or adjudged therein. But a prior judgment between the parties has been held to operate as an estoppel in a suit on a cause of action different from that forming the basis for the

original suit 'only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered.' This latter aspect of *res judicata* is the doctrine of collateral estoppel by judgment, established as a procedure for carrying out the public policy of avoiding repetitious litigation." *Partmar Corporation* v. *Paramount Pictures Theatres Corp.,* 347 US 89, 90, 91 (74 S Ct 414, 98 L ed 532).

The distinction is annotated at some length in 88 ALR 574.

See, also, 30A Am Jur, Judgments, §§ 327, 328.

One other problem of moment is presented in this appeal. Appellants appear to imply that the insurance company plaintiff in the instant case has rights in this litigation which may subsist regardless of adverse decision as to whether the claims of the other plaintiffs are barred by the prior Isabella adjudication. Their briefs argue that the American Fidelity Fire Insurance Company was not a party to the prior litigation and, hence, cannot be bound by it.

This argument overlooks the fact that American Fidelity Fire's rights in the instant case are entirely derivative, being based wholly upon assignment by the plaintiffs after payment of insurance-covered property damage.

The circuit judge said on this point:

"As a result of the assignment, plaintiffs' insurer became subrogated to its insured's rights, to the extent of the payment made by it. No greater rights against the defendant were thus created than those possessed by the plaintiffs' insured at the time of the assignment, nor were defendant's rights in any way lessened thereby. The assignment created nothing. It simply passed to plaintiffs' insurer rights already in existence, if any. If plaintiffs' insured had no rights, then plaintiffs' insurer ac-

quired none by virtue of the assignment. To rule otherwise would be to give to such an assignment some strange alchemistic power to transform a dross and worthless cause of action into the pure gold from which a judgment might be wrought. In the case of *Indemnity Insurance Company of North America* v. *Otis Elevator Company*, 315 Mich 393 (171 ALR 266), the Court said on page 397:

" 'Here the plaintiff, as assignee and subrogee of the hotel company, seeks to recover from the elevator company the full amount which it had paid as the hotel company's insurer. Its rights against the elevator company were the same as, but no greater than, the rights of its assignor, the hotel company.'

"It having been determined in Isabella county that plaintiffs' assignor had no rights as the result of the accident here in question, it must therefore follow that plaintiffs' insurer may not recover in this action."

We agree.

Affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, VOELKER, and KAVANAGH, JJ., concurred.