JONES v SLAUGHTER

1. AUTOMOBILES—NEGLIGENCE—PRIOR JUDGMENT—PARTIES—COLLATERAL ESTOPPEL.

> A defendant automobile owner in an action in circuit court seeking damages resulting from an automobile accident was sufficiently a party in a prior action in common pleas court involving the driver of the owner's automobile to claim conclusive defensive effect on the issue of the plaintiff's negligence which was actually litigated and established in the common pleas action by jury verdict and judgment where the defendant in circuit court had been a party to the common pleas action until, prior to trial, the plaintiff in circuit court (defendant in the common pleas action) made full and final settlement with the owner in exchange for a binding release, and where, but for the settlement, the defendant in circuit court would have remained a party in the prior suit until judgment, and, had he done so, the jury's verdict would have required the same result that the settlement imposed.

2. NEGLIGENCE—PRIOR JUDGMENT—COLLATERAL ESTOPPEL.

> A plaintiff's action in circuit court for negligence must fail under the doctrine of collateral estoppel where the plaintiff's own negligence was established in a prior action in common pleas court involving the same parties and the same event.

3. AUTOMOBILES—NEGLIGENCE—NEGLIGENT ENTRUSTMENT—CAUSAL CONNECTION.

> A plaintiff seeking to recover damages on a theory of negligent entrustment of an automobile must prove that the entrustment was causally connected with the injury of which he complains; even assuming that the entrustment was negligent, the causal chain between it and a plaintiff's injury was broken where the plaintiff was himself negligent.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 46 Am Jur 2d, Judgments § 404 *et seq.*

[3] 8 Am Jur 2d, Automobiles and Highway Traffic § 1002.

[4] 41 Am Jur 2d, Husband and Wife § 457 *et seq.*

4. AUTOMOBILES—NEGLIGENCE—LOSS OF CONSORTIUM—CONSOLIDATED
    ACTIONS.

    A recovery by a plaintiff's wife for loss of consortium resulting
    from an automobile accident is contingent upon recovery by
    her husband for his injuries when their actions are consoli-
    dated; therefore, where his action fails, her action must like-
    wise fail.

Appeal from Wayne, George T. Martin, J. Sub-
mitted Division 1 March 5, 1974, at Detroit.
(Docket No. 17037.) Decided June 25, 1974.

Complaint by James Jones and Katie Jones
against Ronald Slaughter and Langston Slaughter
for damages resulting from an automobile acci-
dent. The Secretary of State intervened as a party
defendant pursuant to the Motor Vehicle Accident
Claims Act. Accelerated judgment for defendants.
Plaintiffs appeal. Affirmed.

*Barbara & Wisok, P. C.,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Joseph B. Bil-
itzke* and *Carl K. Carlsen,* Assistants Attorney
General, for defendants.

Before: DANHOF, P. J., and BRONSON and BOYLE,*
JJ.

DANHOF, P. J. This suit arises out of an automo-
bile-motorcycle accident that occurred on July 4,
1971. The motorcycle was driven by plaintiff,
James Jones. The uninsured automobile was
driven by defendant Ronald Slaughter and owned
by defendant Langston Slaughter. Subsequent to
said accident, a lawsuit was instituted in the Com-
mon Pleas Court for the City of Detroit on behalf
of Langston Slaughter, Ronald Slaughter, and oth-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ers against James Jones. Prior to trial of the common pleas action, James Jones made a full and final settlement with Langston Slaughter for the latter's claimed property damage. The common pleas action went to trial with Ronald Slaughter as the remaining party plaintiff. The common pleas jury, in response to special questions submitted, found James Jones guilty of negligence and Ronald Slaughter guilty of contributory negligence. Accordingly, a judgment of no cause of action was entered on the jury's verdict.

The present lawsuit was filed subsequent to the trial of the common pleas action. The complaint alleged negligence on the part of Ronald Slaughter and Langston Slaughter, and contains an allegation of negligent entrustment on the part of Langston Slaughter. The Secretary of State intervened as a party defendant pursuant to the Motor Vehicle Accident Claims Act, MCLA 257.1101 *et seq.;* MSA 9.2801 *et seq.,* and filed a motion for accelerated judgment, GCR 1963, 116.1(5), alleging the prior common pleas judgment as a bar to the present action. The trial court granted the motion and dismissed this action as against both defendants.

Upon oral argument of this cause, plaintiffs' counsel stated that plaintiffs do not appeal the dismissal of their claims against defendant Ronald Slaughter. This appeal, therefore, involves only the propriety of the trial court's dismissal as against defendant Langston Slaughter.

Plaintiffs contend that the defense of collateral estoppel is not available to Langston Slaughter because he was not a party to the common pleas action. They cite *Howell v Vito's Trucking & Excavating Co,* 386 Mich 37; 191 NW2d 313 (1971). It should be noted that *Howell* involved an at-

tempt by the plaintiff, who was not a party to the previous action, to use collateral estoppel offensively, thereby foreclosing the issue of defendant's negligence and leaving only the question of plaintiff's damages for the jury's consideration. The instant action involves a defensive use of the collateral estoppel doctrine.

Assuming, however, that *Howell* is controlling, plaintiffs' claim that defendant Langston Slaughter was not a party to the previous action is not supported by the facts. Langston Slaughter had been a party to the previous suit until, prior to trial, James Jones made full and final settlement with him in exchange for a binding release. This settlement was prompted by the *"Hoxie"* doctrine which provides that the contributory negligence of the driver is not imputed to the owner, thus allowing the owner to recover his property damage upon proof of a defendant's negligence. *Universal Underwriters Insurance Co v Hoxie,* 375 Mich 102; 133 NW2d 167 (1965). But for the settlement, generally encouraged by the courts, Langston Slaughter would have remained a party to the prior suit until judgment. And, had Langston Slaughter remained in the common pleas action until judgment, the jury's verdict would have required the same result that the settlement imposed. We hold, therefore, that Langston Slaughter was sufficiently a party to the common pleas action to claim conclusive defensive effect to the issue' of James Jones' negligence which was actually litigated and decided therein.

James Jones' negligence having been established by the prior action, his cause of action against Langston Slaughter for Ronald Slaughter's negligence must fail. Moreover, in order to prevail on a theory of negligent entrustment, James Jones

must prove that the entrustment was causally connected with the injury of which he complains. *Perin v Peuler (On Rehearing),* 373 Mich 531; 130 NW2d 4 (1964). Assuming as we must that the entrustment was negligent, nevertheless the causal chain between it and plaintiffs' injury has been broken by the prior jury's determination that plaintiff was himself negligent. Finally, recovery by Katie Jones for loss of consortium being contingent upon recovery by James Jones for his injuries when their actions are consolidated, her action must likewise fail. *Dewey v Perkins,* 295 Mich 611; 295 NW 333 (1940). *Morrison v Grass,* 314 Mich 87; 22 NW2d 82 (1946).

Affirmed, costs to the intervening defendant.

All concurred.