COUCH v SCHULTZ

Docket No. 106790. Submitted November 2, 1988, at Lansing. Decided
    March 21, 1989.

    Defendant, Timothy Schultz, a corrections officer, filed a major
        misconduct report against plaintiffs, George G. Couch and
        Ronald L. Jordan, inmates in the custody of the Department of
        Corrections, charging them with sodomy. Plaintiffs filed a com-
        plaint in the Marquette Circuit Court charging defendant with
        defamation. An administrative hearing was then held within
        the department and a hearing officer found plaintiffs guilty of
        the charge. Defendant then pled in circuit court the affirmative
        defenses of collateral estoppel, absolute immunity, and qualified
        immunity and moved for summary disposition. The trial court,
        Edward A. Quinnell, J., determined that plaintiffs were collat-
        erally estopped from relitigating the issue of the truth or
        falsity of the report since the truthfulness of the report had
        been established at the administrative hearing and granted
        defendant summary disposition. The court declined to address
        the immunity arguments. Plaintiffs appealed.

        The Court of Appeals *held:*

        1. Summary disposition was improperly granted since there
        was no mutuality of estoppel, a necessary element of collateral
        estoppel.

        2. An exception to the mutuality requirement, the *Bigelow*
        doctrine, is inapplicable to the case at bar. The exception,
        recognized in the case of *Bigelow v Old Dominion Copper
        Mining & Smelting Co,* 225 US 111; 32 S Ct 641; 56 L Ed 1009
        (1912), provides that collateral estoppel may be raised defen-
        sively by a defendant in a subsequent action where the defen-
        dant and the defendant in the previous action had a special
        relationship, such as principal and agent. The exception was
        interpreted by this Court to provide that the existence of the
        special relationship between the defendant in the second action

REFERENCES

Am Jur 2d, Judgments §§ 397, 398, 521-523.

Comment Note.—Mutuality of estoppel as prerequisite of availabil-
    ity of doctrine of collateral estoppel to a stranger to the judg-
    ment. 31 ALR3d 1044.

and a party in the prior action is insufficient by itself to warrant application of the *Bigelow* doctrine. Rather, the culpability of one of those two parties must be premised upon the liability of the other party, such as under the respondeat superior doctrine. Furthermore, it is a requirement that one of those two parties be exonerated in the prior action. If the liability of the party was not at issue in that prior action, the *Bigelow* doctrine does not apply.

3. While the substantive truth of defendant's report was tangentially at issue in the administrative hearing, neither the issue of defendant's liability nor the department's liability was ever an issue. The prior proceeding did not consider the culpability of either the department or the defendant and the department was not exonerated in the prior proceeding.

4. The Court of Appeals declined to address the privilege issue since it was not addressed by the trial court.

Reversed.

1. ESTOPPEL — COLLATERAL ESTOPPEL — MUTUALITY.

The doctrine of collateral estoppel does not apply in the litigation of an issue of fact previously determined in the absence of mutuality between the parties.

2. ESTOPPEL — COLLATERAL ESTOPPEL — MUTUALITY — EXCEPTIONS.

An exception to the mutuality requirement of the doctrine of collateral estoppel provides that collateral estoppel may be raised defensively by a defendant in a subsequent action where that defendant and the defendant in the previous action had a special relationship, the culpability of one of those two parties is premised upon the liability of the other party, such as under the respondeat superior doctrine, and one of those two parties was exonerated in the prior action; the exception does not apply where the liability of the party was not at issue in the prior action.

George G. Couch, and Ronald L. Jordan, in propria persona.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Edgar L. Church, Jr.,* Assistant Attorney General, for defendant.

Before: Sawyer, P.J., and Beasley and A. L. Gilbert,* JJ.

Per Curiam. Plaintiffs appeal from an order of the circuit court granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(8) (failure to state a claim). We reverse.

Plaintiffs are inmates in the custody of the Department of Corrections. Defendant is a corrections officer who filed a prison major misconduct report against plaintiffs charging them with sodomy. An administrative hearing was held within the department and a hearing officer determined that plaintiffs were guilty of the charge. Prior to the administrative determination, plaintiffs filed a complaint in circuit court against defendant alleging that he had defamed them by filing the report.

Following the administrative determination of plaintiffs' guilt on the major misconduct charge, defendant filed his answer which, inter alia, pled the affirmative defenses of collateral estoppel, absolute immunity, and qualified immunity. The trial court determined that plaintiffs were collaterally estopped from relitigating the issue of the truth or falsity of defendant's report since the truthfulness of the report had been established at the administrative proceeding. Since plaintiffs were collaterally estopped from establishing the falsity of defendant's statement, a necessary element to their defamation action, the trial court granted summary disposition in favor of defendant. The trial court declined to address the applicability of defendant's absolute or qualified immunity arguments, the other grounds upon which defendant also requested summary disposition.

Under certain circumstances, a determination arising out of an administrative proceeding can be

---

* Circuit judge, sitting on the Court of Appeals by assignment.

used in application of the doctrine of collateral estoppel in a subsequent civil action. *Storey v Meijer, Inc,* 431 Mich 368, 373; 429 NW2d 169 (1988). We find it unnecessary, however, to determine whether the doctrine of collateral estoppel applies where the prior determination is an administrative determination of the Department of Corrections because we conclude that there is no mutuality of estoppel in the case at bar, a necessary element of collateral estoppel. *Ellison v Wayne Co General Hosp,* 100 Mich App 739; 300 NW2d 392 (1980), rev'd in part on other grounds 411 Mich 988; 308 NW2d 111 (1981); *Braxton v Litchalk,* 55 Mich App 708; 223 NW2d 316 (1974).

A recognized exception to the mutuality requirement is that collateral estoppel may be raised defensively by a defendant in a subsequent action where that defendant and the defendant in the previous action had a special relationship, such as principal and agent. That exception was stated by the United States Supreme Court in *Bigelow v Old Dominion Copper Mining & Smelting Co,* 225 US 111, 127-128; 32 S Ct 641, 642; 56 L Ed 1009, 1021 (1912):

> An apparent exception to this rule of mutuality had been held to exist where the liability of the defendant is altogether dependent upon the culpability of one exonerated in a prior suit, upon the same facts when sued by the same plaintiff. See *Portland Gold Min Co v Stratton's Independence,* 16 LRA (NS) 677; 85 CCA 393; 158 F 63 [1907], where the cases are collected. The unilateral character of the estoppel of an adjudication in such cases is justified by the injustice which would result in allowing a recovery against a defendant for conduct of another, when that other has been exonerated in a direct suit. The cases in which it has been enforced are cases where the relation between the defendants in the two suits has been

that of principal and agent, master and servant, or indemnitor and indemnitee.

The Michigan Supreme Court applied the *Bigelow* rule in *DePolo v Greig,* 338 Mich 703, 711; 62 NW2d 441 (1954):

> Plaintiffs in their brief admit that an exception to the requirement of mutuality exists where the liability of the defendant is entirely dependent upon the culpability of one exonerated in a prior suit. This exception is recognized in the case cited by the plaintiffs, *Bigelow v Old Dominion Copper Mining & Smelting Co, supra.*

This Court has subsequently applied the *Bigelow* doctrine in cases involving the principal-agent relationship. See *Cook v Detroit,* 125 Mich App 724; 337 NW2d 277 (1983); *Ellison, supra; Viera v Saginaw Bd of Ed,* 91 Mich App 555; 283 NW2d 796 (1979). An additional case decided by this Court, *Braxton, supra,* would seem to extend the *Bigelow* doctrine beyond a strict requirement that the defendant in the second action who asserts collateral estoppel must have a special relationship, such as principal-agent, with the defendant in the prior action and that the liability of one defendant be premised upon the liability of the other.

In *Braxton,* there was an automobile accident involving a car driven by Braxton and a car driven by Litchalk, who was driving an automobile leased by his employer. Litchalk's employer, prior to the *Braxton* action, brought an action against Braxton for the damage to its leased automobile caused in the accident. Braxton defaulted and the employer took judgment against him. In the subsequent action, Braxton and the other occupant of his car brought suit against Litchalk as driver of the

leased car, the employer as lessee of the car and against the lessor. The defendants raised the defense of collateral estoppel on the basis of the employer's previous suit against Braxton. With respect to the driver of the leased car, Litchalk, this Court followed *Bigelow, supra,* and concluded that Litchalk was entitled to raise the defense of collateral estoppel.

We note that *Braxton* deviates from the other cases relying on *Bigelow* and *DePolo.* Specifically, while a master-servant relationship did exist between the employer and Litchalk, and while the employer was a party to the previous action, the employer was a plaintiff in the previous action rather than a defendant. Therefore, the employer was not "exonerated" in the prior action nor was the question of its liability for Litchalk's actions ever at issue. On the other hand, Braxton could have raised Litchalk's negligence, if any, as a defense in the prior action. We also note that the *Braxton* Court mentioned the fact that the employer would have "derivative responsibility" with respect to Litchalk's actions. *Braxton, supra* at 724.

We view *Braxton, supra,* as expanding the *Bigelow* doctrine beyond its original purpose. In looking to the language quoted above from both *Bigelow* and *DePolo,* we believe that the existence of the special relationship between the defendant in the second action and a party in the prior action is insufficient by itself to warrant application of the *Bigelow* doctrine. Rather, we believe that both the *Bigelow* and *DePolo* cases are clear that the culpability of one of those two parties must be premised upon the liability of the other party, such as under the respondeat superior doctrine. Furthermore, we believe it more consistent with *Bigelow* and *DePolo* to require that one of those two parties be

"exonerated" in the prior action. If the liability of the party was not at issue in that prior action, we do not believe that the *Bigelow* doctrine applies to create an exception to the doctrine of mutuality in order to permit the defendant in the second action to raise the defense of collateral estoppel. Seen in such a light, we believe that *Braxton, supra,* if it did not improperly apply the *Bigelow* doctrine, certainly stretched it to its farthest permissible bounds.

Turning to the case at bar, we believe that to stretch the *Bigelow* doctrine to apply in the case at bar would impermissibly stretch the *Bigelow* doctrine even beyond the point to which it was stretched by the *Braxton* Court. In the instant case, the "prior action" was an administrative proceeding brought by the Department of Corrections against plaintiffs for a major prison misconduct. Furthermore, while the substantive truth of defendant's report was tangentially at issue, since plaintiffs would not have been found guilty of a major misconduct were the report not correct in the assertion that plaintiffs had committed some violation, neither the issue of defendant's liability nor the Department of Corrections' liability was ever an issue in that administrative proceeding. That is, the department was not "exonerated" in the prior proceeding as such was not the issue. Simply put, the prior administrative proceeding did not consider the culpability of either the Department of Corrections or defendant. Accordingly, we believe that the *Bigelow* doctrine is inapplicable to the case at bar and, therefore, does not provide a basis for finding an exception to the mutuality requirement. There being no exception to the mutuality requirement, and the mutuality requirement not having been met in the case at bar, we conclude that the trial court improperly

granted summary disposition in favor of defendant on this basis.

Defendant also argues that, even if summary disposition was incorrect, he is entitled to summary disposition in his favor on the basis that his communication was protected by either an absolute privilege or a qualified privilege. While this issue was pled below, the trial court specifically did not consider the issue, basing its decision instead upon a determination that plaintiffs were collaterally estopped from relitigating the issue of the falsity of defendant's statement. Since the question of privilege was not addressed by the trial court, we decline to address it on appeal. We would, however, offer the comment that it would appear that defendant has a strong argument in support of his position that his report was protected under a qualified privilege. We leave it, however, for the trial court to determine in the first instance whether either an absolute or qualified privilege is applicable to this case.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. No costs.