Arthur **JOHNSON**, Jr., Plaintiff,

v.

James **FREEBURN**, Defendant.

No. 96–CV–74996–DT.

United States District Court,
E.D. Michigan,
Southern Division.

March 30, 2001.

Daniel E. Manville, Ferndale, MI, for Plaintiff.

Terry L. Norton & Patrick J. Wright, Michigan Department of Attorney General, Corrections Division, Lansing, MI, for Defendants.

### ORDER ACCEPTING REPORT AND RECOMMENDATION AND ORDER DENYING APPEAL

HOOD, District Judge.

### INTRODUCTION

This matter is before the Court on Magistrate Judge Steven D. Pepe's Report and Recommendation dated July 18, 2000 recommending to grant in part and deny in part Defendant Freeburn's third Motion to Dismiss. Defendant filed objections to the Report and Recommendation. This matter is also before the Court on Defendant's Appeal of the Magistrate Judge's Order denying Defendant's Motion for Rehearing and Reconsideration of an Order denying Defendant's Motion in Limine.

### DEFENDANT'S THIRD MOTION TO DISMISS

The only remaining defendant in this matter is Defendant James Freeburn. On September 29, 1997, the Court entered an Order accepting the Magistrate Judge's

August 28, 1997 Report and Recommendation dismissing all of the defendants except Defendant James Freeburn. The Court agreed with the Magistrate Judge's conclusion that Plaintiff has stated a claim of retaliation in violation of his First Amendment rights against Defendant Freeburn. Defendant Freeburn filed a second Motion to Dismiss or for Summary Judgment which was denied by the Court on September 30, 1998. Defendant has now filed a third Motion to Dismiss which is now before the Court.

The Court has had an opportunity to review the matter and finds that the Magistrate Judge reached the correct conclusion for the proper reasons. The Court agrees with the Magistrate Judge that the issue of whether Plaintiff violated a valid order by Defendant to return to his cell is a factual question. The Court further agrees with the Magistrate Judge that the findings by the administrative hearing officer are not preclusive on this issue. Plaintiff's retaliation claim remains.

As to Plaintiff's claim involving the Major Misconduct ticket, that claim is dismissed based on Plaintiff's admission.

Regarding the qualified immunity issue, the Court agrees with the Magistrate Judge that Defendant is not entitled to qualified immunity.

### APPEAL BY DEFENDANT

Defendant appeals the Magistrate Judge's Order denying Defendant's Motion in Limine. The Motion in Limine sought to bar Plaintiff and his counsel from offering or introducing at trial any evidence, testimony, remarks, questions or arguments, either directly or indirectly, with respect to the claim that Plaintiff did not disobey a direct order on August 28, 1995. Defendant based his motion on the doctrine of collateral estoppel/issue preclusion claiming that because a state administrative hearing officer found Plaintiff guilty of the major misconduct, Plaintiff should be precluded from relitigating the issue.

The decision and order of the Magistrate Judge will be upheld unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). The Court has carefully reviewed the matter and finds that Defendant has failed to show that the Magistrate Judge clearly erred in its July 18, 2000 Order. The Court finds that Defendant has failed to establish that the Magistrate Judge's ruling was clearly erroneous or contrary to law. The Court agrees with the Magistrate Judge that Michigan law on collateral estoppel does not preclude a plaintiff from litigating factual issues raised in an earlier correctional disciplinary proceeding. The Court further agrees with the Magistrate Judge that based on policy considerations, findings made in disciplinary hearings should be given preclusive effect.

Accordingly,

IT IS ORDERED that Magistrate Judge Steven D. Pepe's Report and Recommendation dated July 18, 2000 is ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law;

IT IS FURTHER ORDERED that Defendant's third Motion to Dismiss (**Docket No. 70, filed April 13, 2000**) is GRANTED IN PART and DENIED IN PART as more fully set forth above.

IT IS FURTHER ORDERED that Defendant's Appeal (**Docket No. 91, filed August 3, 2000**) is DENIED and DISMISSED. The Magistrate Judge's Order dated July 18, 2000 is AFFIRMED.

IT IS FURTHER ORDERED that a Final Pretrial Conference is scheduled for **Monday, May 21, 2001, 2:30 p.m.** The parties must submit their Joint Final Pretrial Order in accordance with E.D. Mich.

LR 16.2 to the Court by Monday, May 14, 2001.

## AMENDED [1] ORDER ACCEPTING RE- PORT AND RECOMMENDATION AND ORDER DENYING APPEAL

### INTRODUCTION

This matter is before the Court on Magistrate Judge Steven D. Pepe's Report and Recommendation dated July 18, 2000 recommending to grant in part and deny in part Defendant Freeburn's third Motion to Dismiss. Defendant filed objections to the Report and Recommendation. This matter is also before the Court on Defendant's Appeal of the Magistrate Judge's Order denying Defendant's Motion for Rehearing and Reconsideration of an Order denying Defendant's Motion in Limine.

### DEFENDANT'S THIRD MOTION TO DISMISS

The only remaining defendant in this matter is Defendant James Freeburn. On September 29, 1997, the Court entered an Order accepting the Magistrate Judge's August 28, 1997 Report and Recommendation dismissing all of the defendants except Defendant James Freeburn. The Court agreed with the Magistrate Judge's conclusion that Plaintiff has stated a claim of retaliation in violation of his First Amendment rights against Defendant Freeburn. Defendant Freeburn filed a second Motion to Dismiss or for Summary Judgment which was denied by the Court on September 30, 1998. Defendant has now filed a third Motion to Dismiss which is now before the Court.

▇▇▇ The Court has had an opportunity to review the matter and finds that the Magistrate Judge reached the correct conclusion for the proper reasons. The Court agrees with the Magistrate Judge that the issue of whether Plaintiff violated a valid order by Defendant to return to his cell is a factual question. The Court further agrees with the Magistrate Judge that the findings by the administrative hearing officer are not preclusive on this issue. Plaintiff's retaliation claim remains.

As to Plaintiff's claim involving the Major Misconduct ticket, that claim is dismissed based on Plaintiff's admission.

Regarding the qualified immunity issue, the Court agrees with the Magistrate Judge that Defendant is not entitled to qualified immunity.

### APPEAL BY DEFENDANT

Defendant appeals the Magistrate Judge's Order denying Defendant's Motion in Limine. The Motion in Limine sought to bar Plaintiff and his counsel from offering or introducing at trial any evidence, testimony, remarks, questions or arguments, either directly or indirectly, with respect to the claim that Plaintiff did not disobey a direct order on August 28, 1995. Defendant based his motion on the doctrine of collateral estoppel/issue preclusion claiming that because a state administrative hearing officer found Plaintiff guilty of the major misconduct, Plaintiff should be precluded from relitigating the issue.

▇▇▇ The decision and order of the Magistrate Judge will be upheld unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). The Court has carefully reviewed the matter and finds that Defendant has failed to show that the Magistrate Judge clearly erred in its July 18, 2000 Order. The Court finds that Defendant has failed to establish that the Magistrate Judge's ruling was clearly er-

---

**1.** This Order is amended due to a typographical error on page 3. The Court has added the word "not" on page 3.

roneous or contrary to law. The Court agrees with the Magistrate Judge that Michigan law on collateral estoppel does not preclude a plaintiff from litigating factual issues raised in an earlier correctional disciplinary proceeding. The Court further agrees with the Magistrate Judge that based on policy considerations, findings made in disciplinary hearings should *not* be given preclusive effect.

Accordingly,

IT IS ORDERED that Magistrate Judge Steven D. Pepe's Report and Recommendation dated July 18, 2000 is ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law;

IT IS FURTHER ORDERED that Defendant's third Motion to Dismiss (**Docket No. 70, filed April 13, 2000**) is GRANTED IN PART and DENIED IN PART as more fully set forth above.

IT IS FURTHER ORDERED that Defendant's Appeal (**Docket No. 91, filed August 3, 2000**) is DENIED and DISMISSED. The Magistrate Judge's Order dated July 18, 2000 is AFFIRMED.

IT IS FURTHER ORDERED that a Final Pretrial Conference is scheduled for **Monday, May 21, 2001, 2:30 p.m.** The parties must submit their Joint Final Pretrial Order in accordance with E.D. Mich. LR 16.2 to the Court by Monday, May 14, 2001.

## ORDER DENYING DEFENDANT'S MOTION FOR REHEARING AND RECONSIDERATION

PEPE, United States Magistrate Judge.

Plaintiff is an inmate in the Michigan Department of Corrections ("MDOC"). Plaintiff filed this action under 42 U.S.C. § 1983, alleging violations of his federal constitutional rights. Defendant Free-

burn, along with the previous defendants in this case, filed a first motion to dismiss or for summary judgment. The motion to dismiss was granted in part and denied in part, and the motion for summary judgment was denied without prejudice to allow plaintiff to take discovery. As the sole remaining defendant, defendant Freeburn filed a second motion to dismiss or for summary judgment, which was denied on September 30, 1998. *Johnson v. Freeburn,* 29 F.Supp.2d 764 (E.D.Mich.1998).

In April 2000 defendant filed with this Court a third motion to dismiss, described as a "Renewed Motion to Dismiss," along with a motion in limine to exclude certain evidence. The motion in limine was referred for hearing and determination under 28 U.S.C. § 636(b)(1)(A). Defendant sought the order in limine under Fed. R.Evid. 103(c) and 104(a) to bar plaintiff and his counsel from offering or introducing at trial any evidence, testimony, remarks, questions or arguments, either directly or indirectly, with respect to the claim that plaintiff did not disobey a direct order on August 28, 1995, given to him by defendant. Defendant based his motion on the doctrine of collateral estoppel/issue preclusion. Defendant asserted that because a state administrative hearing officer found plaintiff guilty of the major misconduct, plaintiff should be precluded from relitigating the issue.

The undersigned denied defendant's motion in an order dated May 15, 2000. Defendant filed a motion for rehearing and reconsideration on May 22, 2000. In a Report and Recommendation issued this same day, it is recommended that the Court dismiss plaintiff's retaliation claim that defendant issued a false misconduct ticket to plaintiff.[1] If accepted, the sole

---

1. As noted in the Report and Recommendation at 8 n. 2, the finding that plaintiff should

have sought relief in an habeas action rather than the present § 1983 action is separate

remaining claim would be plaintiff's claim of retaliation involving the alleged threat by defendant to have plaintiff shot if he moved. At the disciplinary hearing the officer made no findings on whether defendant threatened plaintiff with a call to the gun tower; the hearings officer concluded only that plaintiff violated a direct order to lockup. It is conceivable, however, that plaintiff will attempt to introduce evidence that he did not disobey a direct order to lock-up in support of his remaining claim of retaliation. Therefore, defendant's motion for rehearing and reconsideration remains viable.

Federal courts accord preclusive effect to state court judgments where the parties had a full and fair opportunity to litigate in state court. 28 U.S.C. § 1738; *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 480–81, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982). "Federal courts will give preclusive effect to fact finding by state agencies acting in a judicial capacity when the parties have had a full and fair opportunity to litigate those issues, and *when state law so requires.*" *Marquez v. Guttierez*, 51 F.Supp.2d 1020, 1026 (E.D.Cal.1999) (citing *University of Tennessee v. Elliott*, 478 U.S. 788, 798, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986)) (emphasis added). The undersigned found, however, that under current Michigan law, collateral estoppel did not preclude plaintiff from litigating factual issues raised in an earlier correctional disciplinary proceeding. *See* Order Denying Defendant's Motion In Limine at 4 (citing the Michigan Court of Appeals' holding in *Couch v. Schultz*, 176 Mich.App. 167, 439 N.W.2d

296, 297 (1989) (per curiam) (*Couch I*), aff'd after remand, *Couch v. Schultz*, 193 Mich.App. 292, 483 N.W.2d 684 (1992) (*Couch II*)).

Although not argued in the motion in limine, defense counsel now asserts that the Michigan Court of Appeals' decision in *Couch I* is in "direct conflict" with its later decision in *Arim v. General Motors Corp.*, 206 Mich.App. 178, 520 N.W.2d 695 (1994). Counsel argues that "*Couch I* is based on a mistaken understanding of the doctrines of collateral estoppel/issue preclusion as opposed to res judicata/claim preclusion." Counsel also argues that the holding in a case disparaged in *Couch I—Braxton v. Litchalk*, 55 Mich.App. 708, 223 N.W.2d 316 (1974)—was later described by the Michigan Supreme Court as a "well-established exception to the mutuality requirement." *Lichon v. American Universal Ins. Co.*, 435 Mich. 408, 459 N.W.2d 288, 298 n. 16 (1990). Based on this, counsel seeks reconsideration of the motion in limine.

The request for reconsideration is denied based on several considerations. First, it does not appear that the Michigan courts have revisited the issue analyzed in *Couch I*—whether a guilty finding in a prison disciplinary hearing precludes a prisoner from litigating the truth or falsity of the underlying misconduct report. Accordingly, the Michigan Court of Appeals' decision in *Couch I* remains established precedent.

Further, the primary concern of the Michigan Court of Appeals in *Couch I*—

from the issue of res judicata and collateral estoppel raised in the present motion in limine. The two issues should not be confused. The former is a matter of jurisdiction, while the latter is a matter of preclusion. Because plaintiff remains "in custody," his sole means for relief is under § 2254, and this Court simply has no jurisdiction to provide him any

relief under § 1983. Res judicata and collateral estoppel, on the other hand, do not involve questions of jurisdiction, but rather are affirmative defenses that act as bars to relitigating those matters in issue already decided in a prior case or, under certain circumstances, an administrative hearing.

namely that the issue of liability of the Michigan Department of Corrections or the defendant corrections officer for defamation was not addressed during the administrative hearing—was not present in the *Arim* case. In that case the court found:

> [P]laintiff's claims that defendants conducted an improper investigation of the Folino plaintiffs' transmission repair facilities by deliberately misrepresenting the condition of the vehicles used in the investigation in violation of § 26(2)(d) of the Act *are the same issues raised by the Folino plaintiffs and decided against them during the state administrative proceedings....* [T]he *factual questions central to these claims were fully and fairly litigated* by the Folino plaintiffs in their defense during the administrative proceedings.

*Arim,* 520 N.W.2d at 702 (citation omitted) (emphasis added). Unlike in *Couch I,* it appears that in *Arim* the culpability of the investigators was raised and rejected in the prior administrative hearing. That was not the case in *Couch I,* and therefore the two cases can be reconciled as consistent.

The court in *Couch I* found that to "stretch the *Bigelow* doctrine [2] to apply in the case at bar would impermissibly stretch the *Bigelow* doctrine *even beyond the point to which it was stretched by the Braxton Court."* *Couch I,* 439 N.W.2d at 299 (emphasis added). While it did not explicitly explain how applying *Bigelow* to the case would "impermissibly stretch" the doctrine, it noted in the next sentence that the "prior action" was an administrative proceeding by the MDOC against prisoners for a major prison misconduct. The court may have recognized that prisoners—many of whom have little education and almost no legal training—certainly cannot be expected to raise every colorable factual claim during a disciplinary hearing at the risk of being precluded by collateral estoppel from later raising a claim in court. At the very least, this statement makes it clear that the holdings in *Braxton* and *Arim* would not compel the Michigan Supreme Court or the Court of Appeals to abrogate the holding in *Couch I.*

Additional policy considerations argue against providing preclusive effect to prison disciplinary hearings. While the common law made dismissal of criminal charges a prerequisite to a claim of malicious prosecution, it does not follow that the federal courts should make a "no cause" finding in a disciplinary action a precondition to litigating a § 1983 claim for retaliation. The standard of guilty beyond a reasonable doubt used in a criminal proceeding is higher than the standard of proof used by the MDOC in disciplinary hearings. Of greater significance, defendants in criminal cases are cloaked with substantial procedural protections—including a prohibition on the use of hearsay statements by confidential informants—most of which are not applicable in a prison disciplinary proceeding. If a "no cause" finding was a precondition to litigating a claim of retaliation in court, there would be unwarranted pressure on the hearings officers not to dismiss cases and disciplinary claims that they believed are marginal for fear that a § 1983 action may follow against the corrections officers in-

---

**2.** The Court of Appeals described the *Bigelow* doctrine as "[a] recognized exception to the mutuality requirement [in] that collateral estoppel may be raised defensively by a defendant in a subsequent action where that defendant and the defendant in the previous action had a special relationship, such as principal agent." *Couch I,* 439 N.W.2d at 297 (discussing *Bigelow v. Old Dominion Copper Mining & Smelting Co.,* 225 U.S. 111, 127–28, 32 S.Ct. 641, 56 L.Ed. 1009 (1912)).

volved. Based on these considerations, as well as the Michigan Court of Appeals' holding in *Couch I,* defendant's motion for rehearing and reconsideration is denied.

Accordingly,

It Is Ordered that defendant Freeburn's motion for rehearing and reconsideration be Denied.

So Ordered.

### Report And Recommendation On Defendant's Third Motion To Dismiss

Plaintiff is an inmate in the Michigan Department of Corrections ("MDOC"). Plaintiff filed this action under 42 U.S.C. § 1983, alleging violations of his federal constitutional rights. Defendant Freeburn, along with the previous defendants in this case, filed a first motion to dismiss or for summary judgment. The motion to dismiss was granted in part and denied in part, and the motion for summary judgment was denied without prejudice to allow plaintiff to take discovery. As the sole remaining defendant, defendant Freeburn filed a second motion to dismiss or for summary judgment, which was denied on September 30, 1998.

In April 2000 defendant filed with this Court a third motion to dismiss, described as a "Renewed Motion to Dismiss." Defendant's motion was referred for report and recommendation under 28 U.S.C. § 636(b)(1)(B). Because it has been determined that plaintiff was "in custody" at the time he filed suit, it is recommended that his claim involving his Major Misconduct guilty finding be dismissed under the Supreme Court's holdings in *Preiser v. Rodriguez, Heck v. Humphrey,* and *Edwards v. Balisok.* It is also recommended, however, that defendant's assertion of qualified immunity on the remaining claim of retaliation be denied as untimely and unfounded.

### I. Factual And Procedural Background

An extensive account of the parties claims and defenses can be found in this Court's earlier published decision. *Johnson v. Freeburn,* 29 F.Supp.2d 764, 766–70 (E.D.Mich.1998). A short summary will suffice here. Plaintiff alleges that on August 28, 1995, defendant threatened his life. Later that day, plaintiff was standing in front of a resident unit manager's office, informing her of this threat by defendant and seeking a transfer. Plaintiff alleges that defendant overheard his complaint and request for transfer. Defendant allegedly retaliated against plaintiff by (1) calling the gun tower officer, telling him that plaintiff refused to go back to his cell and instructing the officer to shoot plaintiff if he moved; and (2) wrongfully issuing plaintiff a Major Misconduct Report for refusing to lock-in, resulting in plaintiff being placed in administrative segregation for several days.

In a Report and Recommendation on defendant's first motion for summary disposition, the undersigned concluded that plaintiff had stated a claim of retaliation under the Sixth Circuit's then-existing standard found in *Cale v. Johnson,* 861 F.2d 943 (6th Cir.1988). *Johnson v. Freeburn et al.,* No. 96–CV–74996, Report and Recommendation at 17–18 (E.D.Mich. Aug. 28, 1997). It was also determined that the acts alleged by plaintiff "were as egregious as those involved in the 1988 *Cale* case" and therefore defendant was not entitled to qualified immunity. *Id.* at 27–28. In a subsequent Report and Recommendation on defendant's second motion to dismiss or for summary judgment, the undersigned concluded that contrary to defendant's contention, plaintiff's § 1983 retaliation claim was not foreclosed by the Supreme Court's decisions in *Preiser v. Rodriguez,*

411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and *Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). *Johnson v. Freeburn,* No. 96–CV–74996, Report and Recommendation at 23–25 (E.D.Mich. Aug. 26, 1998). Both recommendations were accepted by the Court. *Johnson,* 29 F.Supp.2d at 766.

In his current motion defendant originally sought to dismiss only the retaliation claim involving the issuance of the Major Misconduct Report to plaintiff, raising the following two arguments:

1. Plaintiff's claim regarding retaliation for the filing of the misconduct ticket does not meet the *Thaddeus–X v. Blatter* standard.

2. The Sixth Circuit in an unpublished opinion rejected the analysis used to preserve the claim related to the misconduct.

Defendant's Brief in Support at 7, 9. Plaintiff's counsel filed a response.

In order to address defendant's second argument the undersigned ordered supplemental briefs on the limited issue of "[w]hether at the time he filed suit plaintiff was 'in custody' with regard to the Major Misconduct guilty finding for purposes of 28 U.S.C. § 2254." Order for Supplemental Briefs at 3. Neither party had adequately addressed this central question in their earlier pleadings and briefs. Defendant filed a supplemental brief on June 23, 2000, and plaintiff filed a supplemental response on July 3, 2000. In his supplemental brief defendant raises an additional argument for dismissal based on qualified immunity.

II. *ANALYSIS*

A. *Dismissal Under Fed.R.Civ.P. 12(b)(6)*

In deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a court must accept all well-pleaded allegations as true and construe them in the light most favorable to plaintiff. *Zinermon v. Burch,* 494 U.S. 113, 117, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990); 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 304 (2d ed.1990). *See also Jenkins v. McKeithen,* 395 U.S. 411, 421–22, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969); *Westlake v. Lucas,* 537 F.2d 857 (6th Cir. 1976). A complaint will not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A court may decide a motion to dismiss only on the basis of pleadings. *Song v. City of Elyria, Ohio,* 985 F.2d 840, 842 (6th Cir.1993). Dismissal is appropriate if the complaint fails to set forth an allegation of a required element of a claim. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489–90 (6th Cir. 1990).

B. *Claims of Retaliation Under Thaddeus–X v. Blatter*

In an earlier Report and Recommendation accepted by the Court the undersigned found plaintiff had stated a claim of retaliation with regards to his claim involving the issuance of the Major Misconduct Report. It was unclear at that time what was the appropriate standard for claims of retaliation arising under the First Amendment. The undersigned applied the stringent "shocks the conscience" standard of *Cale v. Johnson* and *McLaurin v. Cole,* 115 F.3d 408 (1997) to plaintiff's claim and found that he had stated a claim. Report and Recommendation (Aug. 28, 1997) at 17–18.

The Sixth Circuit later rejected the "shocks the conscience" standard of *Cale*

and *McLaurin* in *Thaddeus–X v. Blatter,* 175 F.3d 378, 388 (6th Cir.1999) (en banc). There the Sixth Circuit stated that a retaliation claim entails three elements:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Id.* at 394 (citations omitted). The court went on to note that in the prison setting, a claim of retaliation is difficult to support:

> For instance, as mentioned above, it is generally much harder for a prisoner to show that his conduct is protected because prison regulations are allowed to infringe on prisoners' rights as long as they are rationally related to a legitimate penological concern. *See Turner v. Safley,* 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). Therefore, if a prisoner violates a legitimate prison regulation, he is not engaged in "protected conduct," and cannot proceed beyond step one.

*Id.* at 395.

Defense counsel argues in the motion to dismiss that plaintiff violated a legitimate prison regulation in disobeying defendant's direct order to return to his cell. In support defense counsel points to the Major Misconduct Report issued by defendant and the subsequent administrative hearing in which plaintiff was found guilty of violating the order. Based on this defendant asks that plaintiff's claim of retaliation involving the issuance of the Major Misconduct Report be dismissed as a matter of law.

Yet, this is not an issue properly brought in a motion to dismiss. Plaintiff asserts that he did not refuse to return to his cell in violation of defendant's direct order. He maintains instead that defendant's report was submitted in retaliation for his seeking redress of his earlier grievances against defendant. Defendant disputes this and offers affidavits and the administrative hearing report in support.

Whether plaintiff violated a valid order by defendant to return to his cell, however, is a factual question. Plaintiff's allegations may be taken as evidence because they are contained in a verified complaint, which constitutes an opposing affidavit under Fed.R.Civ.P. 56(e). *Guzinski v. Hasselbach,* 920 F.Supp. 762, 767 (E.D.Mich. 1996). As explained in an order issued on May 15, 2000, denying defendant's motion in limine, the findings by the administrative hearing officer are not preclusive on this issue.[1] While defendant's affidavits and hearing report create a disputed issue of fact, resolution of this issue is for a trier of fact and not dismissal as a matter of law. *Harris v. City of Akron,* 20 F.3d 1396, 1403 (6th Cir.), *cert. denied,* 513 U.S. 1001, 115 S.Ct. 512, 130 L.Ed.2d 419 (1994).

Defendant has not argued that plaintiff's claim involving the misconduct report is otherwise deficient under the standard announced in *Thaddeus–X.* Accordingly, his motion to dismiss should be denied on this issue.

### C. Whether Plaintiff is "In Custody" for Purposes of his Retaliation Claim

Defendant offers a second argument for dismissal of plaintiff's retaliation claim in-

---

1. Defendant's motion for rehearing and reconsideration on this issue is denied in an order filed this same day.

volving the misconduct report. He maintains that the Sixth Circuit has repeatedly rejected the position of the undersigned and this Court on whether plaintiff may bring his retaliation claim in a § 1983 action. Upon review of the Supreme Court's holdings in *Preiser, Heck,* and *Edwards,* the undersigned determined that there was nothing in the Court's holdings that foreclosed a prisoner from bringing a § 1983 claim challenging a term of disciplinary segregation already completed at the time of filing the suit. *Johnson,* 29 F.Supp.2d at 775–76. Further, it was noted that based on the two concurring opinions in *Spencer v. Kemna,* 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998),

> it is now clear that five justices of the Supreme Court would limit *Heck* and its progeny to petitioners who attempt to bring a § 1983 action directly or indirectly challenging a conviction or disciplinary matter when such plaintiffs are "in custody" and have an available federal remedy in habeas corpus.

*Johnson,* 29 F.Supp.2d at 775. Because it was believed at the time that plaintiff was not "in custody" in relation to the Major Misconduct Report and had no available habeas remedy at the time he filed suit, his retaliation claim was allowed to proceed. *Id.* at 776.

■] Based upon the parties supplemental briefs, however, it is now clear that as a result of the Major Misconduct guilty finding, plaintiff forfeited ninety days of disciplinary credits he had previously earned. This forfeiture increased plaintiff's actual maximum release date from June 3, 2008, to August 26, 2008. Defense counsel asserts, and plaintiff does not dispute, that if the ticket were overturned plaintiff would be eligible to have ninety days of disciplinary credits returned. Unfortunately, this information was not provided to the Court earlier, and unnecessary time and delay has resulted. The plaintiff admits that based on this information, his claim involving the Major Misconduct ticket and guilty finding should be dismissed under the Supreme Court's holdings in *Preiser v. Rodriguez, Heck v. Humphrey,* and *Edwards v. Balisok.*[2]

### D. *Qualified Immunity*

■ In addition to addressing the issue stated in the undersigned's order for supplemental briefs, defense counsel also argues that defendant Freeburn is entitled to qualified immunity on the second claim of retaliation involving the alleged threat to shoot plaintiff if he moved. This argument was not raised in either the second motion to dismiss or for summary judgment filed in February 1998, or the third, "renewed" motion to dismiss filed in April

---

**2.** The finding that plaintiff should have sought relief in an habeas action rather than the present § 1983 action is separate from the issue of res judicata and collateral estoppel raised in defendant's motion in limine. The two issues should not be confused. The former is a matter of jurisdiction, while the latter is a matter of preclusion. Because plaintiff remains "in custody," his sole means for relief is under § 2254, and this Court simply has no jurisdiction to provide him any relief under § 1983. Res judicata and collateral estoppel, on the other hand, do not involve questions of jurisdiction, but rather are affirmative defenses that act as bars to relit-

igating those matters in issue already decided in a prior judicial action or, under certain circumstances, an administrative hearing.

As stated in note 1, the undersigned denied defendant's motion in limine to exclude plaintiff from disputing at trial the findings of a prison hearings officer that plaintiff disobeyed an order to lock-up. Although the undersigned now recommends that plaintiff's claim involving the misconduct report be dismissed, plaintiff is not precluded from disputing the findings of the hearings officer which may be relevant to his existing claim that defendant threatened him in retaliation.

2000. Defense counsel asserts that if the retaliation claim involving the Major Misconduct ticket is dismissed, the qualified immunity issue "needs to be readdressed," "with a focus exclusively on the alleged threat by Defendant to have Plaintiff shot if he moved." Defendant's Supplemental Brief at 8, 11.

Notwithstanding defense counsel's assertion, however, the undersigned finds that this "fourth bite at the apple" is untimely. The issue of qualified immunity was not raised in either defendant's second or third dispositive motion, even though the undersigned explicitly left open the possibility of a future finding of qualified immunity. *See* Report and Recommendation of August 1997 at 28 ("There are factual disputes that, when resolved, may show that Freeburn is entitled to qualified immunity or even a finding that there was no constitutional violation at all."). There does not appear to be any new factual disputes to be resolved on plaintiff's second retaliation claim. Even if there were such factual disputes, defense counsel has offered no rationale for failing to raise them in the second or third dispositive motions.

Further, with the exception of one, unpublished district court case from California, all of the cases cited and discussed by defense counsel in the supplemental brief were available prior to the filing of defendant's first dispositive motion in February 1997. In that motion then-defense counsel Terry Norton cited several of these cases found in the current supplemental brief. The Court rejected defendants arguments, however, and found that the alleged acts of defendant Freeburn rose to the level of impermissible retaliation under *Cale*.

The delay in reasserting the affirmative defense could be excused, however, if the likely dismissal of the retaliation claim involving the ticket somehow changed the factual or legal posture of the remaining retaliation claim. Yet, this is not the case here. The undersigned earlier found, and the Court accepted, that *both* alleged acts of retaliation were "as egregious as those involved in the 1988 *Cale* case." *Id.* at 27. This was not a case were the acts in isolation failed to shock the conscience, but in the aggregate rose to the level of *Cale*. Whether considered separately or in combination, each act, if proven, would exhibit an egregious abuse of governmental authority and shock the conscience. The dismissal of one of the claims has no impact on this analysis. Accordingly, the undersigned recommends that defendant's reassertion of qualified immunity at this juncture in the case be rejected as untimely and unfounded on the merits.

III. RECOMMENDATION

For the reasons stated above, IT IS RECOMMENDED that defendant Freeburn's third motion to dismiss or for summary judgment, entitled his "renewed motion to dismiss," be GRANTED IN PART and DENIED IN PART.

Any objections to this Report and Recommendation must be filed within ten (10) days of its service. 28 U.S.C. § 636(b)(1); E.D. Mich. LR 72.1(d)(2). Failure to file objections within the specified time constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Ivey v. Wilson,* 832 F.2d 950, 957–58 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion

and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.